Derbigny, J.
delivered the opinion of the eowfct. The petitioners were joint owners of the Olivia, with the late Vincent Sqngy, who a* the samé time, captain of that vessel. Soggy, had been with the brig at Santiago de Gub t, where he transacted the business of the concern, and was on his return to this port, when he died. The petitioners, having to settle accounts with his estate, and to claim their share of the property which Songy liad managed for their joint concern, sued his curator in the parish court; but the judge, being of opinion that the cognizance of the case more properly belonged to the court of probates, ordered the removal of it into that court; and both parties having acquiesced, the cause was there investigated and tried.
. From the judgment, which was rendered by that court, the petitioners have appealed ; and the first error which they assign is, that the court acted without jurisdiction. It is objected to them that they submitted voluntarily to the decree of the removal, and carried on the suit *275 through all its siamés to the end, without ever objecting to the jurisdiction of tue court ; but to this, they answer, that i/ the court had no juris. diction over the subject, no submission of the suitors could give it any.
The appellants being certainly correct in thi§ position, it remains to inquire whether the court of probates had or had not any jurisdiction over the case.
It is to be regretted that the nature and extent of the. jurisdiction of courts of probates, in this state, should not be better defined and more precisely determined. In its present uusettledness, it seems to be generally supposed that it does not extend to the cognizance of any suit or litigious claim ; but to lay that as a general rule is, we apprehend, incorrect; for there are cases where such cognizance is expressly given to them.
These courts were created in 1805, with very limbed powers, indeed, none else than proving wills, delivering letters testamentary, and appointing administrators to the estates of persons deceased intestate. Afterwards, although no subsequent law had intervened, they were re-cognised in our code to have other powers, such as the appointment, confirmation, removal or discharge of testamentary executors, tutors and *276 CHrators of minors* interdicted and absent • er* sons, the settleineht of the accounts of these ad* ministrators, the inventory, appraisement and gales of estates, where absent heirs are interested, and generally all judicial acts relalive to said persons, and to the administration of their property. Of these powers some are purely ministerial or administrative; but others carry with them, of necessity, the cognizance of suits or judicial contests. For example, an application for the destitution of a tutor is certainly a suit, and one indeed which may involve the parties in most serious litigation. There the court of probates is vested with full power to decide upon a legal controversy; so in a contest where opposition is made to the discharge of a tutor or a curator; so where they are called upon by the heir or other owner to render their accounts, and pay the balance; and so in many other cases which may arise under the jurisdiction of the probate court. Hence, it has been thought by some, that when a demand is directed against a tutor, curator, or any other administrator, subject to the control of the court of probates, that is the proper tribunal wnere application is to be made, rise distinction, however, may be easily drawn between those demands which are directed against an administrator for *277 the acts of his administration, and the claims ... , ⅝, • , , . i which are brought against the estate wnich he represents. The first are cognizable by the probate courts, the others not. In other words, the jurisdiction of a court of probates extends over the acts of the persons appointed under its authority ; for those acts they are accountable before it; but where the contest is between the estate and some other party, that court is without jurisdiction. ⅞
Seghers for the plaintiffs, Carleton for the defendants.
The present case being evidently a litigious controversy between the partners of the iate Songy on the one part, and his estate n the other, we are bound to say that the court of probates had no jurisdiction over it, and to avoid the judgment which it has rendered.
It is, therefore, ordered, adjudged and decreed, that the judgment of the court of probates of New-Orleans, rendered in this case, be an* nulled, avoided and reversed, and that each party pay his costs in both courts.